FILED
2014 Dec-30  AM 09:31
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

PHILLIP JASON PARKER, )
CAROLYN A. ENGLAND, BUFFY )
R. DULANEY, WILLIAM D. )
MCGEE, MAISIE L. SLAUGHTER, )
and CARRIE HANNAH BORDEN, )
on behalf of themselves and all )
others similarly situated, )
            )
        Plaintiffs, )
            )
vs. )    CIVIL ACTION NUMBER:
            )    CV-14-CV-02247-IPJ
            )    JURY DEMAND
            )
HEALTHCARE INVESTMENT )
GROUP, INC. d/b/a FIRST )
RESPONSE AMBULANCE, )
DAVID CHILDERS, and JASON )
TINDAL, )
            )
        Defendants. )

## AMENDED COLLECTIVE ACTION COMPLAINT

**COME NOW** the plaintiffs and file this lawsuit against the Defendant, Healthcare Investment Group, Inc. d/b/a First Response Ambulance, for themselves and all other similarly situated, pursuant to §216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and for this cause of action states the following:

1

1.     Defendant Healthcare Investment Group, Inc. d/b/a First Response Ambulance is a corporation conducting business in the State of Alabama.

2.     Defendant David Childers resides in Decatur, Alabama.

3.     Defendant Jason Tindal resides in Decatur, Alabama

4.     Plaintiff Phillip Jason Parker resides in Hartselle, Alabama.

5.     Plaintiff Carolyn A. England resides in Decatur, Alabama.

6.     Plaintiff Buffy R. Dulaney resides in Decatur, Alabama.

7.     Plaintiff William D. McGee resides in Tuscumbia, Alabama.

8.     Plaintiff Maisie L. Slaughter resides in Decatur, Alabama.

9.     Plaintiff Carrie Hannah Borden resides in Trinity, Alabama.

10.    At all times material to this action, the plaintiffs are employed by defendants as paramedics/EMTs in Decatur, Alabama.

11.    This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically the collection action provision of the Act found at Section 216(b), for equitable and injunctive relief and to remedy violations of the wage provisions of the FLSA by defendants which have deprived the named plaintiffs, as well as others similarly situated to the named plaintiffs, of their lawful wages.

12.    All named plaintiffs and similarly situated employees were paid at an hourly rate.

2

13.    All named plaintiffs and similarly situated employees were required to work in excess of 40 hours per week.

14.    However, all named plaintiffs and similarly situated employees were not properly compensated at the overtime rate for all hours worked over 40 hours.

15.    In addition, all named plaintiffs and similarly situated employees were required to report to work and remain on the premises at the beginning of a shift, but were not allowed to clock for that shift until the prior shift had clocked out and were not paid for this time they worked off of the clock.

16.    Furthermore, all named plaintiffs and similarly situated employees were required to clock out at the end of a shift, but remain on the premises performing work for the defendant and were not paid for this time they worked off of the clock.

17.    This action is brought to recover unpaid compensation owed to plaintiffs and all employees and former employees of defendants who worked as paramedics or EMTs and who are similarly situated pursuant to FLSA.  For at least three years prior to filing this complaint, defendant has had a uniform policy and practice of consistently requiring the plaintiffs and other similarly situated hourly employees to work overtime without paying them overtime compensation for this work.  Defendant has furthermore required the plaintiffs, on a regular basis, to report to work but not allowed to clock in, and to clock out and continue to perform shift work without

compensation. Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. §216(b).

18.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331. Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b).

19.     Defendants are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

20.     At all times material to this action, Defendant Healthcare Investment Group, Inc. d/b/a First Response Ambulance was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA.

21.     At all times material to this action, Defendants David Childers and Jason Tindal were the owners and managing agents of Defendant Healthcare Investment Group, Inc. d/b/a First Response Ambulance. Defendants Childers and Tindal were responsible for the terms and conditions of the plaintiffs' employment, the wages they were paid, the hours they worked and in all meaningful ways served as an employer of the plaintiffs and all similarly situated employees.

22.     At all times relevant to this action, Defendants are an "employer" of the named plaintiffs as defined by §203(d) of the FLSA.

23.     At all times material to this action, the plaintiffs are "employees" of Defendants as defined by §203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

24.     The overtime provisions set forth in §§206 and 207, respectively, of the FLSA apply to Defendants and all members of the plaintiff class herein were covered by §§ 206 and 207 of the FLSA while they were employed by Defendants.

## COUNT I - FLSA VIOLATION

25.     At all times relevant to this action, Defendants employed plaintiffs in the capacities of Paramedics and EMTs.

26.     The services performed by Plaintiffs were a necessary and integral part of and directly essential to Defendants' business.

27.     Plaintiffs and other hourly Paramedics and EMT employees were required to work overtime hours and before and after shift hours and were not properly compensated for those hours.

28.     Defendants have intentionally failed and/or refused to pay the plaintiffs and other similarly situated hourly employees for overtime rates according to the provisions of the FLSA.

29.     The systems, practices and duties of the named plaintiffs have existed for at least three years throughout the Defendants' business.

5

30.    For at least three years, the Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to pay overtime pay when employees perform overtime work. Despite this knowledge, the Defendants have failed to pay the plaintiffs and other similarly situated employees the mandatory lawful overtime wage to conform the duties of these employees to the requirements of the FLSA.

31.    Defendants have intentionally and repeatedly misrepresented the true status of overtime compensation to its employees as well as their entitlement to overtime pay in order to avoid suspicion and inquiry by employees regarding their entitlement to monies owed to them. The plaintiffs, as well as other similarly situated present and former employees, relied upon these misrepresentations by Defendants and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

32.    As a result of the actions of Defendants in fraudulently concealing the true status of its employees when performing overtime pay under the FLSA, the applicable statute of limitations governing FLSA actions at 29 U.S.C. §255(a) is tolled for long as Defendants engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendants are estopped from raising such statute of limitations as a bar.

6

33.    There are numerous other similarly situated employees and former employees of defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records.  Specifically, all similarly situated employees and former employees of defendants who (i) have been employed with the defendants who have worked overtime hours and not been compensated for same, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

34.    Defendants are aware of their obligations to pay overtime compensation under the FLSA.

35.    Plaintiffs and several other similarly situated employees repeatedly questioned and complained to Defendants about the lack of overtime compensation. In response to those questions and complaints, Defendants repeatedly told Plaintiffs and other similarly situated employees that "we don't pay overtime" and that the company would not pay overtime.

36.    Defendants have held employee meetings in which Defendants told employees, including Plaintiffs, that the employees would make more money if the

company did not pay them overtime.

37.     When Plaintiffs and other employees complained about not receiving overtime compensation, Defendants informed them that they were actually making more by being paid straight time because it kept the employees in a lower tax bracket.

38.     Defendants were aware that such responses and the failure to pay employees overtime for all hours work over 40 was a violation of the law.

39.     Defendants' conduct and comments were willful and fraudulent.

40.     Defendants' employee handbook specifically states on page 14 that employees will be paid overtime for any amount of time over 80 hours per pay period. Despite this language in the handbook, Defendants' did not compensate employees for overtime even for hours worked in excess of 80.

41.     Not only did Defendants willfully fail to follow the language in its handbook, but the language itself is a willful and fraudulent misstatement of the law.

42.     Despite repeated questions and complaints from Plaintiffs and other employees related to the failure to receive overtime compensation, Defendants continued to refuse to follow the law.

43.     In addition to refusing to compensate its employees for overtime, Defendants has illegally and willfully reduced Plaintiffs' and other similarly situated employees' pay based on missing or damaged equipment and based on time it takes

8

to respond to calls.

44.     Defendant has further violated the FLSA by holding employees' paychecks if corrections are needed on routine paperwork.  Such practice is a violation of the FLSA.

45.     Defendants have altered Plaintiffs and other similarly situated employees' time records in order to reduce the number of hours in which Defendants must compensate the employee.

46.     Defendants have told its employee Plaintiffs that they should withdraw from the case because the employees will owe Defendants $500,000 in attorneys' fees. Such statement is intimidating and is false.  Defendants are aware that such comments and threats are false but nevertheless engaged in such behavior in an effort to intimidate employees and in order to reduce the number of individuals who join the suit.

47.     Defendants are engaging a practice of lying, retaliating, and intimidating Plaintiffs and other similarly situated employees in order to prevent them from joining the case.  Plaintiffs are aware of employees of who are interested in joining the case but have stated that based on Defendants' threats and comments, are afraid to participate.

48.     Since the filing of the lawsuit, Defendants have engaged in retaliatory

9

conduct towards the Plaintiffs.  Such conduct is willful and malicious.

49.     Defendants' conduct and violations of the FLSA are intentional, willful, and malicious.   Defendants' have misrepresented the true status of overtime compensation to its employees and Defendants have engaged and continue to engage in the fraudulent and misleading conduct set forth above.

50.     Defendants further have engaged in widespread pattern and practice of violating the provisions of FLSA by failing to pay plaintiffs and other similarly situated employees and former employees in accordance with §207 of the FLSA.

51.     As a result of Defendants' violations of the FLSA, the named plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive overtime wages in accordance with §207 of the FLSA.

52.     In addition to the amount of unpaid wages owing to the plaintiffs and all other similarly situated, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b) and prejudgment interest.

53.     Defendants' actions in failing to compensate the plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were wilful.

54.     Defendants have not made a good faith effort to comply with the FLSA.

55.     Plaintiffs, and all others similarly situated, are also entitled to an award

10

of attorney's fees pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to §216(b) of the FLSA, pray for the following relief:

1.     At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid overtime pay pursuant to 29 U.S.C. §216(b);

2.     Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), and/or prejudgment interest;

3.     Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action; and

4.     Such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5.     Plaintiffs further demands a jury to try the issues when joined.

Respectfully submitted,

*/s/Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, PANTAZIS,
        FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

*/s/Dawn Stith Evans*
Dawn Stith Evans
Rex W. Slate
Counsel for the Plaintiffs

OF COUNSEL:

GUIN STOKES EVANS
505 20th Street North, Suite 1000
Birmingham, Alabama 35203
(205) 226-2282

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing has been served upon all counsel of record by e-filing with the Court's electronic filing system on this day, December 30, 2014.

David J. Canupp
Michael W. Rich
Lanier, Ford, Shaver & Payne, P.C.
2101 West Clinton Ave, Suite 102
Huntsville, AL 35805

<u>/s/Rocco Calamusa, Jr.</u>
OF COUNSEL

13