IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**Philip Jason Parker, et al.**,

    Plaintiffs,

v.

**Healthcare Investment Group, Inc., et al.**,

    Defendants.

Case No. 5:14-CV-2247-VEH

## Joint Motion for Approval of Settlement Agreement

Plaintiffs and Defendants Jason Tindal, Healthcare Investment Group, Inc. and David Childers (the "Defendants", Childers and Healthcare Investment Group, Inc. together the "Remaining Defendants") respectfully file this Joint Motion for Approval of Settlement Agreement. In support thereof, the Parties would respectfully show the Court as follows:

### I. Background

On November 20, 2014, Plaintiffs Philip Jason Parker, Carolyn England, Buffy R. Dulaney, William D. McGee, Maisie Slaughter, and Carrie Hannah Borden filed a purported collective action lawsuit, alleging violations of the Fair Labor Standards Act by Healthcare Investment Group, Inc., David Childers, and Jason Tindal, related to Defendants' failure to pay overtime compensation. Since the filing of this complaint, the Court has conditionally certified a collective action

1

class, and Charles Adcox, Ashley Bradford, Keith Evan Bishop, John Blankenship, Kathryn Bryan, Anthony Castelli, Joseph P. Clarke, Sr., Tonya Collins, Meredith Cook a/k/a Meredith Richerson, Aileen Corrales, Chris Greene, Amanda Henderson, Kimberly D. Holt, Adam Hyfield, Jenny D. Jacobson, Mallory Kirby, Grace Lindsey, Benjamin McBride, Lisa Marie McBride a/k/a Lisa Marie Warren, William Messina, KameeL. Morgan a/k/a Kamee L. Shedd, Christopher Rayford, Christine Rice, Ian Strader, Jeffrey Brian Thomson, Richard Peppers, and Russell C. Van Benthuysen have joined as opt-in plaintiffs. Plaintiffs Carrie Borden, Ashley Bradford, Tonya Collins, Mallory Kirby, Benjamin McBride, Richard Peppers, and Maisie Slaughter have since dismissed their individual claims.Pursuant to a Settlement Agreement already signed by all parties (the "Settlement Agreement", attached hereto as Exhibit #1), the Plaintiffs have stipulated to the dismissal of Jason Tindal as a defendant with prejudice.The parties to this lawsuit have engaged in substantial discovery regarding the claims asserted therein, and have extensively evaluated the merits of the case. The parties agree that there is a *bona fide* dispute as to the amount owed to the Plaintiffs, if any. In order to avoid the expense and burdens of further litigation of contested claims, the parties desire to resolve this case in the manner set forth in the Settlement Agreement.

This case was brought under Section 216(b) of the Fair Labor Standards Act and, as such, any settlement must be approved by this Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).In order to approve a settlement, this Court must determine that the ligation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Id.*

The Plaintiffs, through their counsel, have conducted a thorough and diligent investigation into the facts of the case and are of the opinion and belief that the Settlement between the Parties is a fair, reasonable, and adequate resolution of contested claims. In addition, Plaintiffs' Counsel certify that the settlement is in their clients' best interest, in light of all known facts, including the difficulty, expense, and uncertainty of litigation, viability of claims asserted by Plaintiffs, the defenses asserted by Defendants, and the uncertainty of result and collectionthrough continued litigation and appeal. The Parties have engaged in arms-length negotiations resulting in this settlement.

## II.  Terms of the Settlement

The amount of relief which the Plaintiffs will receive under the settlement amounts to full relief of recorded unpaid overtime compensation and liquidated damages for same to which they are entitled. The Parties request that the Court approve the Settlement Agreement, including the amount and the method of

payment,in addition to all other essential terms of the Settlement Agreement. The Parties have agreed that Defendants will pay to Plaintiffs a gross settlement amount of $208,328.50 ("the Damages") plus Plaintiffs' attorneys' fees and expenses as determined by the Court. The Damages paid to Plaintiffs amount to full relief of unpaid overtime and liquidated damages. The Damages were calculated for each Plaintiff based on payroll records provided by Defendants that set forth the number of hours each Plaintiff worked during the relevant time period. Based on payroll records, Plaintiffs, collectively, are owed overtime compensation in the amount of $104,164.25. As part of the settlement, Plaintiffs will receive this amount plus an equal amount for liquidated damages.

The parties further agree that Plaintiffs' Counsel are entitled to fees and expenses in an amount to be determined by the Court. Plaintiffs' Counsel will submit a fee and expense petitionto the Court, as set out in the Settlement Agreement,and Defendants reserve the right to challenge the reasonableness of the petition.

The Parties have agreed that within 30 days of Court approval of the Settlement Agreement, the Remaining Defendants shall pay the gross amount of $104,164.25 to the Plaintiffs as set forth in the settlement agreement and attachments. This amount represents all unpaid overtime owed to each Plaintiff.

The Parties have also agreed that within 15 days of the Court's order on attorneys' fees and cost, the Remaining Defendants, individually, shall issue a promissory note in the amount of $104,164.25, plus the full amount of attorneys' fees and expenses awarded by the Court (the "Promissory Note").  The Promissory Note will be in the form attached as <u>Exhibit B</u> to the Settlement Agreement.  The terms, payment schedule, interest, and penalties for missed payments (including, but not limited to, an acceleration clause) under the Promissory Note are set forth in the Promissory Note and Settlement Agreement.

In exchange for the payments outlined above and in the Settlement Agreement, each Plaintiff will release all federal and state wage claims that were asserted or could have been asserted in this lawsuit.The terms of theSettlement Agreement have been approved by the Plaintiffs, their counsel, the Defendants, and the Defendants' counsel. The Defendants deny Plaintiffs' allegations, and the Plaintiffs agree that the Defendants have made no admission of liability. Plaintiffs entered into the Settlement Agreement voluntarily and knowingly, and each Plaintiff understands that he or she is relinquishing his or her claims in this matter in exchange for the agreed-upon consideration. Plaintiffs' counsel has spoken with every Plaintiff and Opt-In Plaintiff, described the terms of the settlement, and each has consented to the settlement. The Plaintiffs believe that the terms of the

Settlement Agreement are reasonable, fair, and just. The Settlement Agreement settles all claims in this lawsuit

## II. Conclusion

For the foregoing reasons, the parties respectfully request that the Court enter an order approving the Settlement Agreement and setting a briefing schedule for Plaintiffs' petition for attorneys' fees and expenses. A proposed order is attached as Exhibit #2 for the Court's consideration.

Respectfully submitted this 23rd day of September 2016.

/s/ Michael W. Rich
David J. Canupp
Michael W. Rich
Lanier, Ford, Shaver & Payne, P.C.
2101 West Clinton Ave, Suite 102
Huntsville, AL 35805
Counsel for Defendants


/s/Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for Plaintiffs
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

                Dawn Stith Evans
                Rex W. Slate
                GUIN STOKES EVANS
                300 N. Richard Arrington Jr. Blvd.
                Title Building, Suite 600
                Birmingham, AL 35203
                (205) 226-2282