FILED

2016 Sep-23  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1

SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This comprehensive settlement agreement, release, and waiver (this "**Agreement**") is made and entered into by and between Healthcare Investment Group, Inc. ("**First Response**") and David O. Childers ("**Childers**") (together, the "**Remaining Defendants**") on the one hand, and Charles Adcox, Keith Evan Bishop, John Blankenship, Kathryn Bryan, Anthony Castelli, Joseph P. Clarke, Sr., Meredith Cook a/k/a Meredith Richerson, Aileen Corrales, Buffy R. Dulaney, Carolyn England, Chris Greene, Amanda Henderson, Kimberly D. Holt, Adam Hyfield, Jenny D. Jacobson, Grace Lindsey, Lisa Marie McBride a/k/a Lisa Marie Warren, William D. McGee, William Messina, Kamee L. Morgan a/k/a Kamee L. Shedd, Philip Jason Parker, Christopher Rayford, Christine Rice, Ian Strader, Jeffrey Brian Thomson, and Russell C. Van Benthuysen (collectively, the "**Plaintiffs**") on the other. The parties to this Agreement may be referred to individually as a "**Party**" or collectively as the "**Parties**".

## Recitals

WHEREAS Plaintiffs Phillip Jason Parker, Carolyn England, Buffy R. Dulaney, and William D. McGee, along with two dismissed plaintiffs,

filed a purported collective action lawsuit on November 20, 2014, alleging violations of the Fair Labor Standards Act by the Remaining Defendants and one Jason Tindal (the "**Lawsuit**");

WHEREAS the remaining Plaintiffs have each filed a consent to opt-in and become a party plaintiff to the Lawsuit;

WHEREAS the Remaining Defendants and Jason Tindal (Jason Tindal and the Remaining Defendants together the "**Defendants**") deny all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit, and deny that the Lawsuit could be litigated on a collective or class action basis;

WHEREAS the Remaining Defendants, without admitting or conceding any liability or damages whatsoever or the propriety of collective or class action status, have agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit;

WHEREAS the parties have engaged in considerable discovery;

WHEREAS the Remaining Defendants and Plaintiffs recognize that the outcome of the Lawsuit is uncertain and that achieving a final

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 2 of 16

result through the litigation process would require substantial additional risk, discovery, time, and expense;

WHEREAS the Plaintiffs and their counsel have conducted an investigation and evaluation of the facts and law relating to the claims asserted in the Lawsuit and believe, in view of the costs, risks, and delay of continued litigation balanced against the benefit of settlement, that the settlement as provided in this Agreement is in the best interests of all of the Plaintiffs and that the settlement provided in this Agreement represents a fair, reasonable, and adequate resolution of the Lawsuit;

NOW THEREFORE the Remaining Defendants and Plaintiffs, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, the sufficiency and receipt of which is hereby acknowledged, do hereby agree as follows:

## Agreement

**A.    Dismissal of Jason Tindal.** The Parties agree that, as a condition precedent of this Agreement, the Parties shall cause their

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 3 of 16

respective counsel to file a stipulation of dismissal dismissing Jason Tindal from the Lawsuit with prejudice.

**B.    Consideration.** To resolve Plaintiffs' claims, the Remaining Defendants agree to pay the gross amount of two hundred and eight thousand, three hundred and twenty-eight dollars and fifty cents ($208,328.50) (the "**Damages**") along with attorneys' fees and costs as determined by the Court.

**C.    The Attorneys' Fees and Expenses Petition.** Within thirty days of the Court's approval of this Agreement, counsel for the Plaintiffs shall submit a fee and expense petition (the "**Petition**"). The sum total of fees and expenses sought in the Petition shall not exceed $360,000.00. The Parties agree that Plaintiffs' Counsel are entitled to fees and expenses in the amount to be determined by the Court.  The Remaining Defendants specifically reserve the right to challenge the Petition for any reason whatsoever, including but not limited to its reasonableness.

**D.    Down Payment and Promissory Note.**

1.    Within thirty days of the Court's order approving this Settlement Agreement, the Remaining Defendants, jointly and

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 4 of 16

severally, shall pay the gross amount of $104,164.25 to the Plaintiffs according the to the schedule attached hereto as Exhibit A (the "**Down Payment**"). The amount to be paid to each Plaintiff represents all unpaid overtime damages and back-pay owed to each Plaintiff under all federal, state, local, and other applicable wage and hour laws. The Remaining Defendants will issue these checks through Healthcare Investment Group, Inc.'s payroll system, and deliver these checks to Plaintiffs' Counsel for distribution to each Plaintiff.

2.     Within fifteen days of the Court's order awarding attorneys' fees and costs, the Remaining Defendants, jointly and severally, shall issue a promissory note (the "**Promissory Note**") to Wiggins Childs Pantazis Fisher & Goldfarb, LLC. in the amount of $104,164.25 (which sum is the Damages minus the amount of the Down Payment) plus the amount of such award of attorneys' fees and costs The Promissory Note shall be substantially in the form as shown in Exhibit B. The Promissory Note shall constitute all liquidated damages owed to each Plaintiff under all federal, state, local, and other applicable wage and hour laws, as well as all attorneys' fees and expenses, and Wiggins Childs Pantazis Fisher & Goldfarb, LLC, or any

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 5 of 16

other counsel for the Plaintiffs, is not entitled to any further fees for any reasons whatsoever with respect to Plaintiffs' claims only. Wiggins Childs Pantazis Fisher & Goldfarb, LLC is solely responsible for distribution of any portion of the proceeds from the Promissory Note constituting liquidated damages to the Plaintiffs, and the Defendants are not responsible for issuing any tax documents relating to any portion of the proceeds from the Promissory Note to any of the Plaintiffs other than the issuance of a form 1099 to Wiggins Childs Pantazis Fisher & Goldfarb, LLC.

3.     Within 15 days of the issuance of the Promissory Note, Defendant Healthcare Investment Group, Inc. will provide to Wiggins Childs Pantazis Fisher & Goldfarb, LLC its most recent financial statement compiled by a Certified Public Accountant (the "**Initial Financial Statement**"). No later than March 1, 2017, Healthcare Investment Group, Inc. will provide to the Wiggins Childs Pantazis Fisher & Goldfarb, LLC a sworn financial statement compiled by a Certified Public Accountant (the "**2016 Financial Statement**") along with a sworn statement detailing material changes from the Initial Financial Statement to the 2016 Financial Statement. Healthcare

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 6 of 16

Investment Group, Inc. will provide an updated sworn financial statement each year on or before March 1 until such time as the Promissory Note is paid in full.

Within 15 days from the issuance of the Promissory Note, Defendant David Childers will provide to Wiggins Childs Pantazis Fisher & Goldfarb, LLC a sworn financial statement and will provide an updated sworn financial statement each year on the anniversary date of this Promissory Note until such time as this Promissory Note is paid in full.

The financial statements described in this section 3, with the exception of the Initial Financial Statement, shall contain a listing of all material assets and liabilities, including those in the United States and abroad. For purposes of this section 3, "**Material**" shall mean having a value of at least $5,000.00.

Until such time as the Promissory Note is paid in full, the Remaining Defendants will notify Wiggins Childs Pantazis Fisher & Goldfarb, LLC of the purchase or disposal of any material asset or the incurment of any material liability within 30 days of such change, with the following exceptions:

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 7 of 16

     i.     Payroll disbursements to any employee, *provided, however*, that the Remaining Defendants shall notify Wiggins Childs Pantazis Fisher & Goldfarb, LLC of any material payroll disbursement to David Childers;

     ii.     Tax payments to any taxing authority of federal, state, or local government;

     iii.     Legally-required spousal or child support payments;

     iv.     Payments to insurers;

     v.     Maintenance and repairs; and

     vi.     The purchase or use of consumables.

4.     Each Plaintiff understands, acknowledges, and agrees that the portion of his or her settlement for back pay is subject to withholding taxes, and that the Defendants will provide each Plaintiff with a form W-2 for those wages as required by federal law. Each Plaintiff understands, acknowledges, and agrees that the liquidated damage portion will not be subject to payroll withholdings and that a 1099 will be issued to each Plaintiffs from Plaintiffs' Counsel. Moreover, Plaintiffs' Counsel understands, acknowledges, and agrees

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 8 of 16

that they must complete a form W-9 and forward this completed document to the Defendants before the Defendants will remit the portion of the settlement set aside for Plaintiffs' Counsels' fees.

**E.    Bona Fide Dispute.** The Parties agree that the Defendants are making the Down Payment and issuing the Promissory Note to resolve all disputed wage and hour claims, any claim for compensation for work performed, and that this Agreement constitutes a good-faith settlement of all such disputes and/or claims that have arisen or may arise between the Plaintiffs and Defendants and any Releasee (as defined below).

**F.    Settlement and Release.**

1.    In exchange for the consideration indicated in Paragraphs B, C, and D, the Plaintiffs agree to release and forever discharge the Defendants from each and all of the Plaintiffs' wage and hour claims and any other claim for compensation for work performed, overtime, or wages, and any causes of action, accrued or unaccrued, known or unknown, of any nature and kind whatsoever which Plaintiff may have in connection with or arising from his or her claim for

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 9 of 16

compensation for work performed during his or her employment with the Defendants.

2.   Plaintiffs hereby irrevocably and unconditionally remise, release, and forever discharge the Defendants and the Defendants' current and former owners, stockholders, agents, directors, controlling board and members thereof, including all officers, employees, representatives, attorneys, divisions, parents, subsidiaries, affiliates (and agents, directors, officers, employees, representatives, and attorneys of such divisions, subsidiaries, and affiliates), and its purchasers, predecessors, successors, heirs, executors, administrators, and assigns, and all persons acting by, through, or in concert with any of them whether or not specifically named herein (collectively "**Releasees**") from any and all wage and hour actions and any other claims for compensation for work performed, overtime, or wages, which they now have, or they or their heirs, successors, assigns, executors, administrators, and other representatives hereinafter may have (collectively "**Claims**"), accrued or unaccrued, known or unknown, of any kind or nature whatsoever, against the Defendants and/or any of

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 10 of 16

the Releasees, from the beginning of time to the date of execution of this Agreement.

   **G.   Dismissal of the Lawsuit.**      The claims of all Plaintiffs in the Lawsuit will be dismissed by the Court **with prejudice**, with all costs taxed as paid except as noted in Paragraphs C and D.

   **H.   No Admission of Liability.**      This Agreement is not and shall not be in any way be construed as an admission by any Defendant, or any Releasee, that the Defendants, or any Releasee, violated in any way any federal, state, or local law; any statute or ordinance; or any standard or industry practice. The Defendants and the other Releasees herein expressly deny any and all liability of any kind whatsoever to Plaintiffs or any other person.

   **I.   Event of Court Disapproval of Agreement.** In the event that the Court does not approve this Agreement, the Agreement shall be void and unenforceable. Moreover, the Parties agree that this Agreement is not meant to be, and will not be, construed as an admission that any Defendant is liable in any respect. The Parties further agree that this Agreement may not be used for any purpose whatsoever in any future proceeding, including but not limited to all

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 11 of 16

federal, state, or local proceedings, and the Defendants shall be entitled to assert any and all applicable defenses to any of the Plaintiffs' claims. The Parties acknowledge that, if the Court does not approve this Agreement, they are in the same position they were immediately prior to the consummation of this Agreement.

      **J.**    **Knowing and Voluntary Waiver.** Plaintiffs acknowledge and agree that they have had sufficient time to consider this Agreement and are represented by legal counsel of their choosing who have provided guidance and counsel concerning the Agreement's meaning and significance.  When entering into this Agreement, the Plaintiffs have not relied on any representations or warranties made by the Parties, other than representations and warranties expressly set forth in this Agreement.

      **K.**    **Communications with Plaintiffs.** The Defendants have no responsibility with respect to any inquiries from Plaintiffs about this Agreement and the settlement described herein.

      **L.**    **Court Order Modifying the Agreement.** The Parties are asking the Court to approve this Agreement in its entirety.  If not so

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 12 of 16

approved, the Parties will work diligently and in good faith to re-draft this Agreement.

   **M.   Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by and under the laws of the State of Alabama regardless of whether any Party is or may hereafter be a resident of another State.

   **N.   Amendments/Modifications.** No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification, or amendment subject to any required Court approval.  Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 13 of 16

O.   **Binding Agreement**. This Agreement shall be binding upon, and inure to the benefit of, the parties and their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

P.   **No Third-party Beneficiaries**. This Agreement shall not be construed to create rights in, or to grant remedies to, or to delegate any duty, obligation or undertaking established herein to, any third party as a beneficiary of this Agreement.

Q.   **Cooperation Clause**. The Parties acknowledge that it is their intent to consummate the settlement described herein, and they agree to cooperate to the extent necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Agreement.   Such cooperation includes Plaintiffs' completion of all pertinent federal, state, and local tax forms for withholding purposes, including, but not limited to, Forms W-9 and W-4.

R.   **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein. This Agreement fully supersedes any and all prior agreements or

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 14 of 16

understandings between the Plaintiffs and Defendants hereto pertaining to the subject matter hereof.

S. **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

T. **Signatures.** Any party may execute this Agreement by signing on the designated signature block below and transmitting that signature page via facsimile to counsel for the other party. Any signature made and transmitted by facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile. Signature pages to follow this page.

U. **Court Approval.** Within fourteen days of the last signature to be obtained, the parties will jointly submit to the Court a Joint Request for Approval of Settlement seeking the Court's approval of this Agreement, including dismissal of all claims of all Plaintiffs with prejudice and entry of a final judgment. This motion is attached hereto

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 15 of 16

as <u>Exhibit C</u>. The parties will cooperate and take all necessary steps to effectuate final judicial approval of this settlement and the entry of a dismissal with prejudice and final judgment.

**[Signature Page to Follow]**

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Page 16 of 16

## Signature Page to Settlement Agreement and Release of All Claims

IN WITNESS WHEREOF, the Parties, or their duly authorized representatives, have executed this Agreement with the intention of being bound thereby.

REMAINING DEFENDANTS

HEALTHCARE INVESTMENT SERVICES, INC.

_____
David Childers, President

DAVID CHILDERS

_____
David Childers

PLAINTIFFS

_____
Rocco Calamusa, Counsel of Record

Settlement Agreement and Release of All Claims
Jason Philip Parker et al. v. Healthcare Investment Group, Inc. et al.
Signature Page

### Exhibit A
### Plaintiffs' Unpaid Overtime Compensation

Charlie Adcox .......................................................................................... $360.10
Keith E. Bishop ....................................................................................... $264.07
John R. Blankenship ............................................................................... $6,986.17
Kathryn I. Bryan .................................................................................... $1,798.32
Anthony Castelli ..................................................................................... $1,455.41
Joseph P. Clarke, Sr. .............................................................................. $617.40
Meredith C. Cook .................................................................................... $4,582.54
Aileen Corrales ....................................................................................... $5,270.42
Buffy R. Dulaney ..................................................................................... $5,796.39
Carolyn A. England ................................................................................. $1,938.66
Chris Greene ........................................................................................... $9,624.20
Amanda N. Henderson ............................................................................ $2,660.83
Kimberly D. Holt ..................................................................................... $5,642.90
Adam I. Hyfield ...................................................................................... $8,133.80
Grace Lindsey ......................................................................................... $1,007.10
Lisa Warren McBride .............................................................................. $867.24
William D. McGee .................................................................................... $8,600.75
Will Messina ........................................................................................... $426.90
Kamee L. Morgan .................................................................................... $3,693.16
Phillip Jason Parker ............................................................................... $16,534.73
Christopher S. Rayford ........................................................................... $8,028.36
Christine E. Rice ..................................................................................... $610.97
Ian J. Strader .......................................................................................... $1,911.72
Jeff B. Tomson ........................................................................................ $622.89
Russell C. Van Benthuysen ..................................................................... $6,729.20

**Exhibit B**
**Promissory Note**


[See Attached]

**PROMISSORY NOTE**

TBD                                                        Huntsville, Alabama
                                                                       TBD

FOR VALUE RECEIVED, the undersigned David O. Childers, individually, and Healthcare Investment Group, Inc. (referred to as the "**Debtors**") promise to pay to the order of Wiggins Childs Pantazis Goldfarb & Fisher, LLC (the "**Creditor**"), at 301 19th Street North, Birmingham, Al. 35203, or at such other place as the Creditor may designate, the principal sum of _____ (the "**Principal**") in legal tender of the United States of America and immediately available funds at the place payment is due.

The Principal shall accrue interest at a rate of four and three quarters percent per annum (4.75%) (the "**Interest**"). The Interest shall be payable on the first of each calendar month (an "**Interest Installment**), the first such payment to be due _____. The Principal shall be payable in twelve quarterly installments of _____ (a "**Quarterly Installment**"), the first such installment to be payable _____, and each subsequent payment to be made on the first day of every third month until the Principal shall be repaid, as set forth in the Payment Schedule attached hereto as Exhibit A. The foregoing notwithstanding, the Debtors may prepay all or any part of the Principal balance outstanding hereunder at any time without penalty. Debtors are responsible for the Principal and Interest due joint and severally.

Without in any way limiting the generality of the foregoing, if the Debtors fail to pay any Interest Installment or Quarterly Installment as due, it shall constitute an Event of Default under this Note.

Thirty days after the above Event of Default, if such Event of Default shall remain uncured, the entire unpaid Principal balance of this Note, together with accrued but unpaid interest thereon (the "**Unpaid Balance**"), at the option of the Creditor, shall be and become due and payable immediately, and the Creditor may proceed to exercise any remedy available to it at law. Ninety days after the above Event of Default, if the Unpaid Balance is not paid, the Principal balance shall be multiplied by five, and such new Principal balance will be due and payable immediately, and the Creditor may proceed to exercise any remedy available to it at law. Debtors are responsible for the Unpaid Balance due jointly and severally.

Within 15 days of the effective date of this Promissory Note, Healthcare Investment Group, Inc. will provide to the Creditor its most recent financial statement compiled by a Certified Public Accountant (the "**Initial Financial Statement**"). No later than March 1, 2017, Healthcare Investment Group, Inc. will provide to the Creditor a sworn financial statement compiled by a Certified Public Accountant (the "**2016 Financial Statement**") along with a sworn statement

detailing material changes from the Initial Financial Statement to the 2016 Financial Statement. Healthcare Investment Group, Inc. will provide an updated sworn financial statement each year on or before March 1 until such time as this Promissory Note is paid in full.

Within 15 days of the effective date of this Promissory Note, David Childers will provide to the Creditor a sworn financial statement and will provide an updated sworn financial statement each year on the anniversary date of this Promissory Note until such time as this Promissory Note is paid in full.

The financial statements described in the preceding two paragraphs, with the exception of the Initial Financial Statement, shall contain a listing of all material assets and liabilities, including those in the United States and abroad. "**Material**" shall mean having a value of at least $5,000.00.

Until such time as the Promissory Note is paid in full, the Debtors will notify the Creditor of the purchase or disposal of any material asset or the incurment of any material liability within 30 days of such change, with the following exceptions:

1. Payroll disbursements to any employee, *provided, however*, that the Debtors shall notify the Creditor of any material payroll disbursement to David Childers;

2. Tax payments to any taxing authority of federal, state, or local government;

3. Legally-required spousal or child support payments;

4. Payments to insurers;

5. Maintenance and repairs; and

6. The purchase or use of consumables.

Failure to make such disclosure shall constitute an Event of Default. If there is an Event of Default, the Creditor may execute any judgment resulting from such Event of Default against any and all assets listed in any financial statement provided by the Debtors under the terms of this Promissory Note.

The Creditor shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies under the Note or under applicable law. The Creditor may accept late payments and/or partial payments under this Note without waiving or otherwise impairing its right to require strict conformance to the terms hereof. All rights and remedies of the Creditor under this Note and under applicable law shall be cumulative and may be exercised successively or

concurrently. This Note shall be governed by and construed in accordance with the laws of the United States and of the State of Alabama.

Notwithstanding any provision of this Note to the contrary, the parties intend that no provision of this Note be interpreted, construed, applied or enforced so as to permit or require the payment or collection of interest, whether before or after maturity of this Note, in excess of the maximum rate permitted by the law applicable to this transaction (the "Maximum Permitted Rate"). If, however, any such provision is so interpreted, construed, applied or enforced, then the parties intend: (i) that such provision automatically shall be reformed *nunc pro tunc* so as to require payment only of interest at the Maximum Permitted Rate, and (ii) if the Creditor has received interest payments in excess of such Maximum Permitted Rate, that the amount of such excess be credited *nunc pro tunc* in reduction of the principal amount of this obligation, together with interest at such Maximum Permitted Rate.

This Note may not be assigned without the prior written consent of the Debtors.

### Signature Page to Follow

Promissory Note
Healthcare Investment Services and David Childers
Page 3 of 3

SIGNATURE PAGE TO PROMISSORY NOTE

IN WITNESS WHEREOF, the undersigned has caused this Note to be executed on the date first above written with the intention that this Note shall constitute a sealed instrument.

DEBTORS:

(corporate seal)                    HEALTHCARE INVESTMENT GROUP, INC.

_____

David O. Childers
President

DAVID O. CHILDERS

_____

David O. Childers
Individually

State of Alabama
Madison County

I, the undersigned, a notary public in and for said county and state, hereby certify that David O. Childers, on behalf of Healthcare Investment Group, Inc., who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily for and on behalf of himself, on the day the same bears date.

Given under my hand and seal this _____ day of _____, 2016.

_____

Notary Public in and for the State of Alabama
My commission expires:_____

Promissory Note
Healthcare Investment Services and David Childers
Signature Page 1 of 2

State of Alabama
Madison County

    I, the undersigned, a notary public in and for said county and state, hereby certify that David O. Childers, who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, he executed the same voluntarily for and on behalf of himself, on the day the same bears date.

    Given under my hand and seal this ____ day of _____, 2016.

                _____
                Notary Public in and for the State of Alabama
                My commission expires:_____

Promissory Note
Healthcare Investment Services and David Childers
Signature Page 2 of 2

Exhibit C
Joint Motion for Approval of Settlement Agreement


[See Attached]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

Philip Jason Parker, et al.,

           Plaintiffs,

v.

Healthcare Investment Group, Inc.,
et al.,

           Defendants.

Case No. 5:14-CV-2247-VEH

## Joint Motion for Approval of Settlement Agreement

Plaintiffs and Defendants Jason Tindal, Healthcare Investment Group, Inc. and David Childers (the "Defendants", Childers and Healthcare Investment Group, Inc. together the "Remaining Defendants") respectfully file this Joint Motion for Approval of Settlement Agreement. In support thereof, the Parties would respectfully show the Court as follows:

## I. Background

On November 20, 2014, Plaintiffs Philip Jason Parker, Carolyn England, Buffy R. Dulaney, William D. McGee, Maisie Slaughter, and Carrie Hannah Borden filed a purported collective action lawsuit, alleging violations of the Fair Labor Standards Act by Healthcare Investment Group, Inc., David Childers, and Jason Tindal, related to Defendants' failure to pay overtime compensation. Since the filing of this complaint, the Court has conditionally certified a collective action

1

class, and Charles Adcox, Ashley Bradford, Keith Evan Bishop, John Blankenship, Kathryn Bryan, Anthony Castelli, Joseph P. Clarke, Sr., Tonya Collins, Meredith Cook a/k/a Meredith Richerson, Aileen Corrales, Chris Greene, Amanda Henderson, Kimberly D. Holt, Adam Hyfield, Jenny D. Jacobson, Mallory Kirby, Grace Lindsey, Benjamin McBride, Lisa Marie McBride a/k/a Lisa Marie Warren, William Messina, KameeL. Morgan a/k/a Kamee L. Shedd, Christopher Rayford, Christine Rice, Ian Strader, Jeffrey Brian Thomson, Richard Peppers, and Russell C. Van Benthuysen have joined as opt-in plaintiffs. Plaintiffs Carrie Borden, Ashley Bradford, Tonya Collins, Mallory Kirby, Benjamin McBride, Richard Peppers, and Maisie Slaughter have since dismissed their individual claims.Pursuant to a Settlement Agreement already signed by all parties (the "Settlement Agreement", attached hereto as <u>Exhibit #1</u>), the Plaintiffs have stipulated to the dismissal of Jason Tindal as a defendant with prejudice.The parties to this lawsuit have engaged in substantial discovery regarding the claims asserted therein, and have extensively evaluated the merits of the case. The parties agree that there is a *bona fide* dispute as to the amount owed to the Plaintiffs, if any. In order to avoid the expense and burdens of further litigation of contested claims, the parties desire to resolve this case in the manner set forth in the Settlement Agreement.

2

This case was brought under Section 216(b) of the Fair Labor Standards Act and, as such, any settlement must be approved by this Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).In order to approve a settlement, this Court must determine that the ligation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Id.*

The Plaintiffs, through their counsel, have conducted a thorough and diligent investigation into the facts of the case and are of the opinion and belief that the Settlement between the Parties is a fair, reasonable, and adequate resolution of contested claims. In addition, Plaintiffs' Counsel certify that the settlement is in their clients' best interest, in light of all known facts, including the difficulty, expense, and uncertainty of litigation, viability of claims asserted by Plaintiffs, the defenses asserted by Defendants, and the uncertainty of result and collectionthrough continued litigation and appeal. The Parties have engaged in arms-length negotiations resulting in this settlement.

## II.  Terms of the Settlement

The amount of relief which the Plaintiffs will receive under the settlement amounts to full relief of recorded unpaid overtime compensation and liquidated damages for same to which they are entitled. The Parties request that the Court approve the Settlement Agreement, including the amount and the method of

payment,in addition to all other essential terms of the Settlement Agreement.  The Parties have agreed that Defendants will pay to Plaintiffs a gross settlement amount of $208,328.50 ("the Damages") plus Plaintiffs' attorneys' fees and expenses as determined by the Court.  The Damages paid to Plaintiffs amount to full relief of unpaid overtime and liquidated damages.  The Damages were calculated for each Plaintiff based on payroll records provided by Defendants that set forth the number of hours each Plaintiff worked during the relevant time period.  Based on payroll records, Plaintiffs, collectively, are owed overtime compensation in the amount of $104,164.25.  As part of the settlement, Plaintiffs will receive this amount plus an equal amount for liquidated damages.

The parties further agree that Plaintiffs' Counsel are entitled to fees and expenses in an amount to be determined by the Court.  Plaintiffs' Counsel will submit a fee and expense petitionto the Court, as set out in the Settlement Agreement,and Defendants reserve the right to challenge the reasonableness of the petition.

The Parties have agreed that within 30 days of Court approval of the Settlement Agreement, the Remaining Defendants shall pay the gross amount of $104,164.25 to the Plaintiffs as set forth in the settlement agreement and attachments.  This amount represents all unpaid overtime owed to each Plaintiff.

4

The Parties have also agreed that within 15 days of the Court's order on attorneys' fees and cost, the Remaining Defendants, individually, shall issue a promissory note in the amount of $104,164.25, plus the full amount of attorneys' fees and expenses awarded by the Court (the "Promissory Note").  The Promissory Note will be in the form attached as <u>Exhibit B</u> to the Settlement Agreement.  The terms, payment schedule, interest, and penalties for missed payments (including, but not limited to, an acceleration clause) under the Promissory Note are set forth in the Promissory Note and Settlement Agreement.

In exchange for the payments outlined above and in the Settlement Agreement, each Plaintiff will release all federal and state wage claims that were asserted or could have been asserted in this lawsuit.The terms of theSettlement Agreement have been approved by the Plaintiffs, their counsel, the Defendants, and the Defendants' counsel. The Defendants deny Plaintiffs' allegations, and the Plaintiffs agree that the Defendants have made no admission of liability. Plaintiffs entered into the Settlement Agreement voluntarily and knowingly, and each Plaintiff understands that he or she is relinquishing his or her claims in this matter in exchange for the agreed-upon consideration. Plaintiffs' counsel has spoken with every Plaintiff and Opt-In Plaintiff, described the terms of the settlement, and each has consented to the settlement. The Plaintiffs believe that the terms of the

Settlement Agreement are reasonable, fair, and just. The Settlement Agreement settles all claims in this lawsuit

## II. Conclusion

For the foregoing reasons, the parties respectfully request that the Court enter an order approving the Settlement Agreement and setting a briefing schedule for Plaintiffs' petition for attorneys' fees and expenses. A proposed order is attached as Exhibit #2 for the Court's consideration.

Respectfully submitted this 23rd day of September 2016.

*/s/ Michael W. Rich*
David J. Canupp
Michael W. Rich
Lanier, Ford, Shaver & Payne, P.C.
2101 West Clinton Ave, Suite 102
Huntsville, AL 35805
Counsel for Defendants


*/s/Rocco Calamusa, Jr.*
Rocco Calamusa, Jr.
Kevin W. Jent
Counsel for Plaintiffs
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

6

Dawn Stith Evans
Rex W. Slate
GUIN STOKES EVANS
300 N. Richard Arrington Jr. Blvd.
Title Building, Suite 600
Birmingham, AL 35203
(205) 226-2282